IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESUS HECTOR FLORES,<br>ROMERO ROEL MARTINEZ,<br>LUIS FERNANDO TREVINO, JOE<br>LOUIS LOPEZ, ROBERTO<br>GARCIA, and FLORENTINO<br>VILLANUEVA-CASTILLO,<br><br>                                **Defendants.** | 1:05-cr-0558-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Joe Louis Lopez's Amended Motion in Limine to Exclude Expert Opinion of Government Witness [274], adopted and joined in by Defendant Jesus Hector Flores [276].

The Court held a pretrial conference in this matter on January 2, 2008. At that hearing, counsel for Defendants raised an objection regarding whether the government's proposed expert witness, DEA Special Agent Mark Hadaway, is properly qualified to testify as an expert in this case. The present Order addresses only with whether Special Agent Hadaway is qualified to testify as an expert, and

provides additional authorities and discussion to supplement the Court's findings at the January 2, 2008 pretrial conference.

Federal Rule of Evidence 702 permits expert testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." The Rule permits expert testimony from witnesses qualified by "knowledge, skill, experience, training, or education . . . ." Id.

The Court, exercising its gatekeeping role in the admission of expert testimony, must ensure that admitted expert testimony is reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). Standards of strict scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony. Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151 (1999). Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Id. For example, "reliability concerns may focus upon personal knowledge or experience." Id. at 150. A hearing to determine a witness's reliability is not required in cases in which the reliability of the testimony can be taken for granted. Id. at 152.

In criminal drug cases, expert testimony by narcotics agents with significant experience is routinely admitted without a reliability hearing.  See United States v. Jawara, 474 F.3d 565, 582-83 (9th Cir. 2007).  The Eleventh Circuit specifically recognizes a "well established rule" that "an experienced narcotics agent may testify as an expert to help a jury understand the significant of certain conduct or methods of operation unique to the drug distribution business."  United States. v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006).  See also United States v. Butler, 102 F.3d 1191, 1199 (11th Cir. 1997).  "An experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug business."  United States v. Estelan, 156 Fed. App'x. 185 (11th Cir. 2005).  The extent and similarity of the agent's prior experience is the touchstone of the Court's reliability inquiry in cases such as this.  See, e.g., id.

Expert testimony by experienced narcotics agents in drug cases is often "highly probative" of important issues in the case.  Garcia, 447 F.3d at 1335.  Agent testimony is "precisely the type of testimony that could help the jury understand how the conduct and evidence relating to individual participants might further the goals and purposes of the drug trafficking organization."  Id.  Such testimony is also relevant to understanding the practices and methods unique to

drug traffickers, such as he use of code words, stash houses, heat checks, firearms, and "dropping" cell phones. Id.

Having reviewed the record, the Court finds that Special Agent Hadaway is qualified to testify as an expert in this case. He has undergone specialized training in investigating drug trafficking activity, and has extensive experience in narcotics investigations involving the distribution of cocaine. Special Agent Hadaway has worked as an undercover agent involved in the purchase of illegal drugs, and has personally supervised informants used to infiltrate drug organizations. Special Agent Hadaway has interviewed more than 200 defendants or witnesses regarding the methods and operations of drug trafficking organizations, and has personally participated in more than 25 Title III investigations, including serving as the supervising case agent in some of those investigations. Many of these investigations involved Mexican national drug traffickers or trafficking organizations. In light of Special Agent Hadaway's extensive experience[1] in investigating matters very similar to those at issue in this trial, the Court finds his proposed testimony reliable.

---

[1] Neither Defendant Lopez nor Defendant Flores contests the accuracy of the government's statement of Special Agent Hadaway's background, training, and experience.

Special Agent Hadaway's testimony is also relevant and likely to help the jury. As set forth more fully in the government's seven-page summary of proposed testimony, Special Agent Hadaway will testify regarding the practices of drug traffickers and trafficking organizations generally, as well as the practices of the organization and defendants alleged in this case. Special Agent Hadaway's testimony will cover topics not within the lay knowledge of the jury, such as, for example, the use and interpretation of code words, methods of transporting, storing, and distributing drugs and drug proceeds, communication and counter-surveillance techniques, and security measures and weapons. This testimony is likely to assist the jury's understanding of the relevance or import of the evidence in this case. Special Agent Hadaway's testimony is highly probative, and its probative value is not outweighed by any prejudice to Defendants.[2]

---

[2] The only specific objection to Special Agent Hadaway's testimony raised at the pretrial conference concerned whether Special Agent Hadaway would testify to interpret code words not specifically designated in the government's summary of proposed testimony. The government agreed to identify and provide notice to Defendants of any additional code words that Special Agent Hadaway might interpret. This specific objection is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Joe Louis Lopez's Amended Motion in Limine to Exclude Expert Opinion of Government Witness [274], adopted and joined in by Defendant Jesus Hector Flores [276], is **DENIED**. Special Agent Hadaway is qualified as a witness to testify as trial concerning the matters set forth in the government's summary of proposed testimony.

**SO ORDERED** this 3rd day of January, 2008

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE